1
2
3
4

UNITED STATES DISTRICT COURT

5

EASTERN DISTRICT OF WASHINGTON

6

7
8

ROCKY R. GERMAIN,

                    Plaintiff,

         -vs-

No.    2:13-CV-0240-WFN

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

9
10

CAROLYN W. COLVIN, Commissioner
of Social Security,

11

                    Defendant.

12

13          Before the Court are cross-Motions for Summary Judgment (ECF Nos. 18 and 19).
14   Attorney Dana Madsen represents Plaintiff.   Special Assistant United States Attorney
15   L. Jamala Edwards represents Defendant.   The Court has reviewed the administrative
16   record and briefs filed by the parties and is fully informed.

17                                   **JURISDICTION**

18          Plaintiff protectively applied for disability insurance and supplemental security
19   income benefits on June 17, 2010, alleging disability beginning on January 18, 2010, due
20   to physical and mental impairments.   The application was denied initially and on
21   reconsideration.

22          A hearing was held before Administrative Law Judge (ALJ) Gene Duncan on
23   November 21, 2011.   At the hearing, Plaintiff, represented by counsel, testified as did
24   Larry M. Kravitz, Ph.D., a medical expert, and Jinnie Lawson, a vocational expert (VE).
25   The ALJ concluded that Plaintiff was not disabled.   The Appeals Council denied Plaintiff's
26   request for review making the ALJ's decision the final decision of the Commissioner.
27   Pursuant to 42 U.S.C. § 405(g), this final decision is appealable to the district court.
28   Plaintiff sought judicial review on June 25, 2013.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 1

1

## FACTS

The facts of the case are set forth in detail in the transcript of the proceedings and are briefly summarized here.  Mr. Germain was thirty three years old at the time of the hearing.  TR 55.  He was homeless, but staying with a friend.  TR 47.  He has two daughters and was in the midst of divorce proceedings.  TR 53.  Mr. Germain graduated from high school and obtained a certified nursing assistance license.  TR 48.  He is a smoker and is a legal patient of medical marijuana.  TR 54.

Mr. Germain indicated that he has held over 60 jobs in his lifetime.  TR 55.  He suffers from anxiety and has been prescribed Seoquel, a mood stabilizer, as needed as well as Zoloft.  TR 52.  He is not in counseling because he cannot afford it and doesn't like to take the prescriptions because of the side effects.  TR 52.   He described experiencing anxiety attacks which entail his voice shaking and his mind racing as well as crying jags.  TR 53.

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190, 1193-94 (9th 2004).  If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 2

## ADMINISTRATIVE DECISION

At step one, the ALJ determined that Plaintiff did not engage in substantial gainful activity since January 18, 2010.

At step two, the ALJ found that Plaintiff had the following severe impairments: depression, anxiety, personality disorder, gastroesophageal reflux disease and substance abuse.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments described at 20 C.F.R. Part 404, Subpart P, Appendix 1(20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform less than the full range of medium work.  The ALJ made a detailed RFC determination that limited interpersonal contacts, restricted Plaintiff to a low stress work environment, and forbade access to drugs and alcohol.  TR 27.

At step four, the ALJ determined that Plaintiff is capable of performing past relevant work as a warehouse worker and a housekeeper/cleaner.  TR 31.

In the alternative, at step five, the ALJ concluded that, given Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including an auto detailer. TR 32.

## STANDARD OF REVIEW

In *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo. Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. [*Tackett*, 180 F.3d at 1097]. Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 3

not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.  *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the ALJ did not apply the proper legal standards in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).  If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ISSUES

Plaintiff contends that the ALJ improperly weighed the medical evidence which lead to an erroneous conclusion regarding Plaintiff's psychological limitations. Specifically, Plaintiff argues that:

1. The ALJ improperly weighted/discredited the opinions of Drs. Moon and Kravitz;

2. The ALJ improperly concluded Plaintiff was not credible; and

3. The ALJ determined that Plaintiff's use of marijuana contributed to his symptoms in contravention of the testimony.

## DISCUSSION

### I.  Medical Evidence

"In making a determination of disability, the ALJ must develop the record and interpret the medical evidence." *Howard ex. rel. Wolff v. Barhart*, 341 F.3d

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 4

1006, 1012 (9th Cir. 2003).  In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician.  *Orn v. Astrue,* 495 F.3d 625, 631 (9th Cir. 2007) (citing 20 C.F.R. § 404.1527(d)(1)-(2)).  The ALJ should give more weight to the opinion of an examining physician than to the opinion of a non-examining physician.  *Id.*

When a physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991) (quoting *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989)). When a physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion of the first physician. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).

"[I]n interpreting the evidence and developing the record, the ALJ does not need to 'discuss every piece of evidence.'"  *Howard*, 341 F.3d at 386 (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)). An ALJ is not required to discuss evidence that "is neither significant nor probative." *Id*.

The ALJ's weighing of medical evidence, specifically the opinions of Dr. Moon and Dr. Kravitz was legally correct and supported by substantial evidence. The ALJ accepted Dr. Moon's medical opinion and weighed it heavily.  The ALJ's opinion was consistent with Dr. Moon's assessment as well as the complete medical record.  Plaintiff also challenged ALJ's assessment of Dr. Kravitz's testimony regarding the effect of Plaintiff's multiple jobs on Plaintiff's ability to hold work.  However, the Plaintiff reads information into Dr. Kravitz's response that Dr. Kravitz did not say, therefore the ALJ was not required to credit or discredit.  Dr. Kravitz was asked, "How much weight to you put on the fact that [Plaintiff's] had 60 jobs in his work, work life from the time he started working

age 33?"  Tr. 66.  Dr. Kravitz responded, "I would certainly if he had 60 that sounds a bit—how do you say this—I would like, I would like, I would like to see some documentation of that, and I would like to see some reports from the employers as to why those jobs lasted such a short period of time, but if in fact he made 60 honest attempts and wasn't able to persist at any of those, I would put great weight on that."  Tr. 67.  However, Dr. Kravitz did not have any documentation or evidence that Plaintiff had made 60 honest attempts so the ALJ did not need to conclude as a matter of law that Plaintiff was disabled based on the number of jobs he had had, nor did the ALJ err in accepting Dr. Kravitz's opinion and weighting it heavily.

Though the ALJ's conclusion that marijuana contributed to Plaintiff's disability may have been erroneous or at least contestable based on the medical evidence, even omitting this conclusion, the ALJ's assessment of the medical evidence is supported by substantial evidence.

## II.  Plaintiff's Credibility

The Commissioner's credibility determination must be supported by findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's testimony.  *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). The ALJ may consider a claimant's reputation for truthfulness, inconsistencies either in testimony or between her testimony and conduct, her daily activities, work record, and testimony from physicians and third parties concerning the alleged symptoms.  *Light v. Soc. Sec. Admin*., 119 F.3d 789, 792 (9th Cir. 1997).  If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony regarding the severity of symptoms.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

The ALJ engages in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony.  *Smolen v. Chater*, 80 F.3d at 1281.  Under the first step, the claimant must produce objective medical evidence of an underlying medically determinable impairment, and must show that the impairment, or a combination

of impairments, "could reasonably be expected to produce pain or other symptoms." *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986).   Once the *Cotton* test is met, the ALJ must evaluate the credibility of the claimant.   In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness, inconsistencies either in her allegations of limitations or between her statements and conduct, daily activities and work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms.   *Fair v. Bowen*, 885 F.2d 597 n.5 (9th Cir. 1989); *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).   If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing.   See *Morgan*, 169 F.3d at 600; *Fair*, 885 F.2d at 604 ("Credibility determinations are the province of the ALJ.").   At the same time, the ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A).   *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).   However, an ALJ's failure to articulate "clear and convincing" reasons for rejecting Plaintiff's subjective complaints regarding her limitations is reversible error.   *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007).

"[I]n assessing a claimant's credibility, the ALJ may properly rely on unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment. According to agency rules, the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (internal citations omitted).   Inability to afford treatment is a sufficient reason for failing to seek treatment.   *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 7

"Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). An ALJ must "consider all factors that might have a significant impact on an individual's ability to work." *Erickson v. Shalala,* 9 F.3d 813, 817 (9th Cir. 1993) (citation omitted).

The ALJ's determination that Plaintiff's statements concerning intensity, persistence and limiting effects of his symptoms were not credible to the extent they were inconsistence with the residual functional capacity assessment is supported by the record and legally accurate. The ALJ found that Plaintiff's subjective complaints were not consistent with the medical evidence and cited to several incidences where Plaintiff's mental health was evaluated and not found to be consistent with Plaintiff's reports. Tr. 28. Plaintiff indicated that he ceased treatment due to his inability to afford it, but the medical record belies Plaintiff's active role in ceasing treatment. Tr. 28. Plaintiff plainly admitted he did not take anti-anxiety mediations because of side effects not reasonably related to his ability to work. Tr. 52. The ALJ outlined Plaintiff's daily activities which were inconsistent with his reported complaints. Tr. 28.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly

**IT IS ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, filed January 17, 2014, **ECF No. 18**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, filed March 3, 2014, **ECF** No. 19, is **GRANTED**.

The District Court Executive is directed to file this Order and provide copies to counsel. Judgment shall be entered for the Defendant and the file shall be **CLOSED**.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 8

1   **DATED** this 22nd day of July, 2014.

2

3

4                                        s/ Wm. Fremming Nielsen
5   06-03-14                        WM. FREMMING NIELSEN
                              SENIOR UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 9